# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**AIREN PAIGE WILLIAMS**                                               **MOVANT**

**v.**                                                      **No. 2:10CR160-SA-JMV**

**UNITED STATES OF AMERICA**                                      **RESPONDENT**

### MEMORANDUM OPINION

This matter comes before the court on the motion of Airen Paige Williams to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. The government has responded to the motion; Williams has replied, and the matter is ripe for resolution. For the reasons set forth below, the instant motion to vacate, set aside, or correct sentence will be denied.

### Facts and Procedural Posture

A federal grand jury returned a second superseding indictment on June 16, 2011, naming Airen Paige Williams and twenty-five others. Williams initially appeared on July 17, 2011. (Docket No. 373). The conspiracy involved Lonzo Griffin, who was responsible for trafficking marijuana and cocaine hydrochloride from Texas into Mississippi. As the conspiracy progressed, Griffin distributed kilograms of cocaine hydrochloride to Michael Allen and others; Williams acted as a courier. (Plea Tr. 18). On April 28, 2010, Williams was stopped by the Texas Department of Public Safety. A search of her car revealed ten kilograms of cocaine hydrochloride located in a hidden compartment. (Id.).

Williams's first counsel, beginning on August 17, 2011, was David Calder. (Docket No. 375). Calder withdrew from representing Williams on December 5, 2011. (Docket No. 424). Williams's second counsel, beginning on November 18, 2011, was Thomas R. Trout. (Docket No. 416). Williams filed a motion to disqualify Trout on July 9, 2012, which was granted on July 24, 2012. (Docket No. 549, 611). Williams's third counsel, beginning on July 24, 2012, was Paul Chiniche. Chiniche remained Williams's counsel through sentencing, then withdrew as

counsel of record on January 2, 2013. (Docket No. 832). Williams filed the instant Motion to Vacate, Set Aside, or Correct Sentence *pro se*.

Following Williams's initial appearance, codefendants Ruben Castaneda and Santiago Villalobos were fugitives and had never appeared before the Court. On August 1, 2012, the government filed a Motion to Sever fugitive defendants Castaneda and Villalobos. (Docket No. 652). On August 7, 2012, the court granted the government's motion – and severed Castaneda and Villalobos. (Docket No. 666). Thus, the speedy trial clock for Williams began running on August 7, 2012, and Williams proceeded to trial the next day (August 8, 2012). As such, one day ticked off Williams's speedy trial clock. *United States v. Howell*, 719 F.2d 1258, 1262 (5th Cir. 1983); *United States v. Gonzalez*, 671 F.2d 441, 443 (11th Cir. 1982).

On August 9, 2012, one day after trial began, Airen Paige Williams, with the assistance of counsel, entered a plea of guilty to Count One of the Superseding Indictment which charged her with conspiracy to distribute and possess with intent to distribute five or more kilograms of powder cocaine. (Plea Tr. 1-22). At the hearing, the court advised Williams of her rights, including the right to remain silent, the right to proceed to trial, and the right to maintain her plea of not guilty. (Plea Tr. 3, 5-6). The following exchange occurred regarding Williams's legal representation.

| | |
|---|---|
| **The Court**: | Are you satisfied with the representation that your attorney has given you in this trial? |
| **Williams**: | Yes, ma'am, I am. |
| **The Court**: | As well as in these plea negotiation and proceedings? |
| **Williams**: | Yes, ma'am. |
| **The Court**: | And do you believe that he has represented your best interest? |
| **Williams**: | Yes, I do. |

(Plea Tr. 5-6).

The court then asked whether Williams was entering the plea knowingly and voluntarily:

**The Court**: Are you entering this plea freely and voluntarily?

**Williams**: Yes.

**The Court**: Has anyone made any promises, threats, or tried to coerce you in any way?

**Williams**: No.

(Plea Tr. 20).

The government discussed the elements of the crime and the factual basis to support each element – including that the conspiracy involved over five kilograms of powder cocaine. (Plea Tr. 9-10, 17-19). Williams stated that she understood those elements and agreed to the factual basis. (Plea Tr. 9-10, 20).

Williams also testified that she discussed the terms of the plea agreement and supplement with her counsel. (Plea Tr. 11-12). As part of her plea agreement, Williams waived her right to collaterally attack the conviction. The plea agreement contained the following language:

> Defendant also hereby expressly waives all rights to contest or collaterally attack the conviction and/or sentence and the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought pursuant to Title 28, United States Code, Section 2255, except claims relating to prosecutorial misconduct and ineffective assistance of counsel.

(Plea Tr. 13-14).

The court then ensured that Williams understood the waiver:

**The Court**: You are waiving your right to appeal any sentence imposed in this case for any reason whatsoever, either as a direct appeal or collateral attack. Do you understand that?

**Williams**: Yes.

(Plea Tr. 14-15).  The court then inquired of Williams' counsel:

| | |
|---|---|
| **The Court**: | Mr. Chiniche, did you speak … with your client this morning about the terms of each of these agreements? |
| **Mr. Chiniche**: | I did, Your Honor. |
| **The Court**: | And did you discuss with her the charge as wells as the consequences of the charge? |
| **Mr. Chiniche**: | I did, Your Honor. |
| **The Court**: | Have you, prior to today, discussed with her the facts of this case, including any discovery that you had in this case? |
| **Mr. Chiniche**: | I have, Your Honor. |
| **The Court**: | Do you believe this morning your client understands the charge as well as the consequences of entering the plea? |
| **Mr. Chinice**: | I do, Your Honor. |
| **The Court**: | Do you believe that your client is entering the plea freely, knowingly, voluntarily, willingly? |
| **Mr. Chiniche**: | I do, Your Honor. |

(Plea Tr. 15-16).

At the end of the change of plea proceeding, the court accepted Williams' guilty plea on Count One of the Superseding Indictment.  Williams filed a notice of appeal (Docket 857), and the court appointed counsel (Docket 893).  Williams later dismissed her appeal (Docket 970).  Thus, Williams did not complete a direct appeal as to any issue in this case.

### Grounds for Relief

Williams sets forth the following grounds for relief in the instant motion:

| | |
|---|---|
| **Ground 1:** | Counsel provided ineffective assistance for failing to:  (1) provide documentation, (2) prepare a defense strategy, (3) investigate or argue her innocence, 4) disclose motions filed, and (5) communicate with her. |

**Ground 2:**    The court denied Williams' right to due process by the failing to acknowledge bail and taking her guilty plea (which she alleges was involuntary).

**Ground 3:**    The government violated Williams' Fourth Amendment right against unreasonable searches and seizures when Texas police officers searched her vehicle.

**Ground 4:**    Williams' sentence qualifies as cruel and unusual punishment because, though she only has a criminal history category of I, the Court failed to consider 3553(a) factors, and the Court failed to acknowledge and compare her case with other offenders with the same conduct.

**Grounds 5, 6:** As Williams was charged in Texas and then charged in Federal Court, she was a victim of Double Jeopardy.

### Waiver of Collateral Review

The most basic rights of criminal defendants are subject to waiver. *Peretz v. United States*, 501 U.S. 923, 936, 111 S. Ct. 2661, 115 L. Ed. 2d 808 (1991). A defendant may waive constitutional rights as part of a plea agreement. *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992) (citing *Town of Newton v. Rumery*, 480 U.S. 386, 393, 107 S. Ct. 1187, 1192, 94 L. Ed. 2d 405 (1987). The right to appeal is grounded in statute, not the Constitution. *Melancon*, 972 F.2d at 567 (citing *Abney v. United States*, 431 U.S. 651, 656, 97 S. Ct. 2034, 2038, 52 L. Ed. 2d 651 (1977)). A defendant may waive her statutory right to appeal as part of a plea agreement. *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995). A waiver of post-conviction relief is valid if the waiver is informed and voluntary. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

For a waiver to be knowing and voluntary, the defendant must know that she had "a right to appeal [her] sentence and that [she] was giving up that right." *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994). For example, in *United States v. McKinney*, the Fifth Circuit

found that "[b]ecause [defendant] indicated that he had read and understood the plea agreement, which includes an explicit, unambiguous waiver of appeal, the waiver was both knowing and voluntary." 406 F.3d 744, 746 (5th Cir. 2005). The district court must "insure that the defendant fully understands [her] right to appeal and the consequences of waiving this right." *United States v. Gonzales*, 259 F.3d 355, 357 (5th Cir. 2001) (citations omitted). Waivers of appeal are enforceable where the waiver language in the plea agreement is clear and unambiguous, and the defendant knowingly and voluntarily waived her rights. *United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002).

In the Fifth Circuit, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *Wilkes*, 20 F.3d at 653. The only exception to the waiver is "when the claimed [ineffective] assistance directly affected the validity of that waiver or the plea itself." *United States v. Hollins*, 97 F. App'x 477, 479, 2004 WL 963250, *3 (5th Cir. May 4, 2004); *see also White*, 307 F. 3d at 339 (a claim of ineffective assistance of counsel survives a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself.")

Should any claims survive the waiver, the § 2255 petitioner bears the burden of establishing her claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). A defendant's bare assertions are insufficient to support a claim for relief under 28 U.S.C. § 2255. *United States v. Smith*, No. 90-292, 1993 WL 17683 (E.D. La., January 14, 1993) (unpublished); *see Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (bald assertions, unsupported by anything in the record, are of no probative evidentiary value); *see also United States v. Stracener*, 959 F.2d 31, 33 (5th Cir. 1992) (applying Ross analysis to a 28 U.S.C. § 2255 motion).

In this case, in her reply [1053] in support of her § 2255 motion, Williams states that:

[she] stood before the court and advised the court that she understood the guilty plea, when out of fear she did not. The court allowed [Williams] to voluntarily give her rights up when knowingly that the government had committed acts of violation in allowing co-defendants to conspire against [her] when the statements could easily have been made up to justify [her] guilt."

However, in Williams' plea agreement – and during the plea colloquy with the court – Williams clearly and unambiguously waived her right to seek collateral review of her conviction and sentence. When the court asked Williams, "You are waiving your right to appeal any sentence imposed in this case for any reason whatsoever, either as a direct appeal or collateral attack. Do you understand that?" – Williams replied, "Yes." (Plea Tr. 14-15). Indeed, as set forth above, Williams' attorney then confirmed that: (1) he had discussed the charge with Williams, (2) that he had discussed the terms of the plea agreement and the consequences of pleading guilty, (3) that Williams understood the consequences of pleading guilty, and (4) that her guilty plea was freely, knowingly, voluntarily, and willingly given. (Plea Tr. 15-16). Similarly, when the court asked Williams directly, "Has anyone made any promises, threats, or tried to coerce you in any way?" – Williams replied, "No." (Plea Tr. 20).

In a case strikingly similar to this one, the Fifth Circuit Court of Appeals found that the defendant had waived his right to appeal or collaterally attack his conviction or sentence. *United States v. Wilkes*, 20 F.3d 651 (5th Cir. 1994). In that case, as in the instant case, the defendant argued that "his guilty plea was involuntary and/or a result of ineffective assistance and of counsel's failure to advise him of the contents of the plea agreement." *Wilkes*, 20 F.3d at 653. In Wilkes, as in the present case, the defendant had executed a plea agreement waiving the right to appeal or collaterally attack his conviction and sentence. *Id.* The Fifth Circuit held that "[s]olemn declarations in open court carry a strong presumption of verity." *Id.* (quoting *Blackledge v. Allison*, 431 U.S. 63, 73–74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977)). In addition, as Wilkes "[had] provided no evidence that he did not

understand the consequences of his actions," his attorney would "not be considered deficient for failing to raise claims knowingly and voluntarily waived in the process of plea bargaining." *Id.* In this case, Williams has offered only bare assertions, devoid of facts to support them, that she entered into the plea agreement out of fear – or that her codefedants acted in concert against her. As such, under *Wilkes, supra*, the court will accept Williams' statements that she understood the terms of her plea agreement, that no one coerced or threatened her to accept the plea agreement, and that her plea was freely, knowingly, voluntarily, and willingly given. As such, all of the claims in the instant Motion to Vacate, Set Aside, or Correct Sentence Williams' sentence will be dismissed as waived.

## Conclusion

In sum, the defendant has waived her right to seek post-conviction collateral relief, and the instant motion to vacate, set aside, or correct sentence will be dismissed. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 29th day of April, 2015.

 **/s/ Sharion Aycock**
**U.S. DISTRICT JUDGE**