IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**AIREN PAIGE WILLIAMS**     **MOVANT**

v.      No. 2:10CR160-SA-JMV-23

**UNITED STATES OF AMERICA**      **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the motion of Airen Paige Williams to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255.[1] The government has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the instant motion to vacate, set aside, or correct sentence will be denied.

### *Habeas Corpus* Relief Under 28 U.S.C. § 2255

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, *The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame*, 53 N.Y.U.L.Rev. 983 (1978); Glass, *Historical Aspects of Habeas Corpus*, 9 St. John's L. Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas*

---

[1] Williams filed a previous Motion to Vacate on January 23, 2013 (Doc. 867) which the Court dismissed on April 29, 2015. (Docs. 1116 and 1117).

*corpus* principles developed over time in both English and American common law have since been codified:

> The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id*.

### Section 2255 Proceedings

Title 28 U.S.C. § 2255 permits an inmate serving a sentence after conviction of a federal crime "to move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). As with the writ of *habeas corpus*, *see* 28 U.S.C. §§ 2241, 2254, a § 2255 motion sets forth only four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Thus, a prisoner must claim either a constitutional violation or want of subject matter jurisdiction to invoke 28 U.S.C. § 2255. In the absence of constitutional or jurisdictional defects, a federal prisoner may invoke § 2255 only if the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

The district court must first conduct a preliminary review of a section 2255 motion, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion." *Rules Governing Section*

*2255 Proceedings*, Rule 4(b).  If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action.  *Id.*  The court may then require the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery.  *Rules Governing Section 2255 Proceedings,* Rules 6–7.

After reviewing the government's response, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must decide whether an evidentiary hearing is warranted.  *Rules Governing Section 2255 Proceedings,* Rule 8.  Under the statute, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  However, the court need not hold an evidentiary hearing if the prisoner fails to produce "independent indicia of the likely merit of [his] allegations."  *United States v. Edwards,* 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the movant bears the burden of establishing his claims of error by a preponderance of the evidence.  *See Wright v. United States,* 624 F.2d 557, 558 (5th Cir. 1980).  For certain "structural" errors, relief follows automatically once the error is proved.  *See Burgess v. Dretke,* 350 F.3d 461, 472 (5th Cir. 2003).  For other errors at the trial court level, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case.  *Brecht v. Abrahmson,* 507 U.S. 619, 637 (1993); *see also United States v. Chavez,* 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht's* harmless error standard in a § 2255 proceeding).  If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  28 U.S.C. § 2255(b).

**Procedural Posture**

On June 16, 2011, Airen Paige Williams was indicted on Count One of a Superseding Indictment on the charge of conspiracy to distribute over 5 kilograms of cocaine (Doc. 945). Under 21, U.S.C. §§ 841(a)(l), (b)(2)(A), and 846, that crime carries a mandatory minimum 10-year sentence upon conviction. Williams reached a plea agreement with the government and on August 9, 2012, pled guilty to the crime. (Docs. 671, 672, and 673). The plea agreement contained a waiver of Williams' right to collaterally attack her sentence. (Guilty Plea Transcript, pp. 13-14). Williams moved to withdraw the guilty plea, and the court denied the motion on November 5, 2012. (Docs. 742 and 756). On December 31, 2012, the court sentenced Williams to the mandatory minimum prison term of 10 years. (Doc. 852). Williams pursued a direct appeal, but it was dismissed on her motion. (Doc. 970). Williams then moved (Doc. 867) under 28 U.S.C. § 2255 to vacate her sentence, but the court dismissed the motion because Williams had waived her right to seek § 2255 relief. (Doc. 1116). On April 8, 2015, Williams moved for a sentence reduction under 18 U.S.C. § 3582 (Doc. 1114), which the court denied. (Doc. 1120). Williams now seeks relief through a second motion under 28 U.S.C. § 2255, requesting retroactive application of USSG Amendment 794. (Doc. 1172).

Williams pled guilty under a written plea agreement and supplement. Williams waived the right to appeal her conviction or to seek post-conviction collateral relief:

> Defendant expressly waives any and all rights to appeal the conviction and/or sentence imposed in this case, and the manner in which sentence was imposed, on any ground whatsoever, including but not limited to grounds set forth in 18 U. S. C. § 3742. Defendant also hereby expressly waives all rights to contest or collaterally attack the conviction and/or sentence, and the manner in which sentence was imposed, in any postconviction proceeding, including, but not limited to a motion brought pursuant to 28 U.S.C. § 2255, excepting only any grounds or allegations of ineffective assistance of counsel.

(Doc. 43, p. 2, ¶ 4). In denying Williams' previous motion to vacate, the court found Williams had validly waived her right to collaterally attack her sentence (Doc. 1116, p. 8).

## Discussion

As this court has held, a valid waiver of the right to appeal or to seek post-conviction collateral relief waives any right to attack a sentence based on *Johnson v. United States*[2] claims.

> The record before the Court establishes that McClinton entered into a plea agreement containing a clear, unambiguous waiver that he confirmed he had read and understood at his change of plea hearing, thereby rendering his waiver knowing and voluntary. *See* [*United States v.*] *McKinney,* 406 F.3d [744,] 746 (finding waiver knowing and voluntary where defendant stated he understood explicit, unambiguous waiver of appeal). Therefore, McClinton's § 2255 claims are barred by the waiver.

*McClinton v. United States,* No. 2:10CR160-SA-JMV-25, 2016 WL 7191706, at *4 (N.D. Miss. Dec. 12, 2016) (internal citation included); *see also United States v. Frazier-LeFear,* ___ Fed. Appx. ___, 2016 WL 7240134, * 2-3 (10th Cir. 2016) (enforcing waiver of collateral rights in a *Johnson* § 2255 claim). Williams has not alleged ineffective assistance of counsel in the instant motion; as such, the valid waiver bars review of this claim, as well.

**Conclusion**

In sum, Ms. Williams properly waived her right to pursue a direct appeal or § 2255 relief. As such, the instant motion to vacate, set aside, or correct sentence will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 20th day of October, 2017.

          /s/ Sharion Aycock
          **U.S. DISTRICT JUDGE**

---

[2] 135 S.Ct. 2551 (2015).